UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARCUS PEREZ,

                Plaintiff,

     v.                                     **DECISION AND ORDER**
                                            13-CV-829S

JAMES D. FRANCE and
JOHN B. CUNNINGHAM,

                Defendants.

1.     On August 14, 2013, Plaintiff Perez brought this action against two Corrections Officers, under 42 U.S.C. § 1983 and New York Corrections Law § 137(5). His Complaint alleges that, on August 18, 2012, Defendants restrained and repeatedly struck him, causing fractures to his left arm, in violation of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and New York law. Pending before the Court are Defendants' motions for partial dismissal. Docket Nos. 6 and 10. Because Plaintiff has either conceded or does not oppose Defendants' various arguments for dismissal, the motions will be granted. They are discussed herein to the extent necessary to identify the claims that will go forward.

2.     Defendants first argue that Plaintiff's claims under New York Corrections Law § 137(5) must be dismissed because Corrections Law § 24 bars actions against them in their individual capacities. Section 24 of the Corrections Law requires that claims arising out of an officer's action or failure to act within the scope of employment must be brought

in the Court of Claims as a claim against the state. Plaintiff concedes that his state law claims against these individuals are barred by § 24, and states that he previously commenced an action against the State of New York in the Court of Claims based on the August 18, 2012 incident. Docket No. 12 at 4.

3. Defendants next urge that, under the Eleventh Amendment, they are immune from claims for monetary damages that are based on their alleged violation of Plaintiff's constitutional rights while acting in their official capacities. Plaintiff concedes that he cannot maintain his official capacity claims.[1] Id. at 2, 5.

4. Finally, Defendants point to paragraph 14 of the Complaint, where their conduct is described as "willful, negligent and/or reckless." They argue that negligence, a recognized state common law claim, does not rise to the level of an Eighth Amendment violation under 42 U.S.C. § 1983. Plaintiff did not respond to this aspect of Defendants motion, and simply states that he can maintain constitutional claims against Defendants in their individual capacities.

5. The Eight Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. "A correction officer who negligently causes an . . . injury to an inmate has not engaged in the type of wanton or malicious conduct necessary to support an Eighth Amendment excessive force claim." Flake v. Wash. County Sheriff's Dep't, No. 12-CV-517, 2014 U.S. Dist. LEXIS 45386, at *38 (N.D.N.Y. Feb. 21, 2014) (citing Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)). In short, Defendants' position is supported by established precedent, and Plaintiff has offered no opposing

---

1 The Court notes that Plaintiff was no longer incarcerated when he commenced this action, Complaint ¶¶ 3-4, and so can make no claim for prospective injunctive relief. Thus, dismissal of the official capacity claims in their entirety is appropriate.

argument. To the extent Plaintiff's Eighth Amendment claim is predicated on Defendants' alleged negligence, the claim fails as a matter of law.

6. Based on the foregoing, Defendants' motions for partial dismissal are granted in their entirety. What remains are Plaintiff's constitutional claims against Defendants in their individual capacities, except to the extent that Plaintiff seeks to base his Eighth Amendment excessive force claim on Defendants' alleged negligence.

* * * * * *

IT HEREBY IS ORDERED, that Defendant France's (Docket No. 6) and Defendant Cunningham's (Docket No. 10) Motions for Partial Dismissal of the Complaint are GRANTED in their entirety.

SO ORDERED.

Dated:   June 22, 2014
         Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court

3